J-S35033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                          :  PENNSYLVANIA
           v.                        :
                                          :
ANTHONY WRIGHT,                :
                                          :
          Appellant            :  No. 2886 EDA 2015

Appeal from the PCRA Order September 21, 2015
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s): CP-51-CR-0014984-2007

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E. and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED MAY 31, 2016**

Anthony Wright ("Wright") appeals from the Order dismissing his Petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The PCRA court set forth the relevant factual and procedural background in its Opinion, which we adopt for purposes of this appeal.  ***See*** PCRA Court Opinion, 12/8/15, at 1-3.

On appeal, Wright raises the following issue for our review:  "Did the PCRA court err in denying [Wright] an evidentiary hearing when [he] raised a material issue of fact?"  Brief for Appellant at 2.

Wright contends that the PCRA court erred in denying his request for an evidentiary hearing regarding newly discovered evidence that showed his innocence of the crimes of which he was convicted.  Brief for Appellant at 6.

---

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

Wright asserts that, 1½ years after his trial, his co-defendant, Kevin Bates ("Bates"), testified in another case that the testimony he provided at Wright's trial was coerced by detectives, and that it was Bates (rather than Wright) who possessed the gun and shot Doreen Williams during the incident. *Id*. Wright claims that Bates also stated that, pursuant to Bates's agreement with prosecutors, Bates thought that he would receive a prison sentence of 12½ years to 25 years if he testified at Wright's trial, rather than the 20-40 year prison sentence that he received. *Id*. Wright argues that Bates's subsequent trial testimony constitutes newly discovered evidence which raised a material issue of fact as to Wright's innocence, requiring the PCRA court to conduct an evidentiary hearing. *Id*. at 8.

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

The PCRA court addressed Wright's claim and concluded that it lacks merit. *See* PCRA Court Opinion, 12/8/15, at 7-8; *see also id*. at 3-7 (explaining why the Bates's testimony was not exculpatory). We agree with the reasoning of the PCRA court and affirm on this basis. *See id*. at 7-8.

Order affirmed.

J-S35033-19

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/31/2016

Circulated 05/03/2016 03:59 PM

J-S35035-16

COMMONWEALTH OF PENNSYLVANIA      COURT OF COMMON PLEAS

**FILED**      FIRST JUDICIAL DISTRICT

vs.      DEC 0 8 2015

**Post Trial Unit**

ANTHONY WRIGHT      CP-51-CR-0014984-2007

<u>OPINION</u>

**2886 EDA 2015**

<u>LEON W. TUCKER, J.</u>      **DATE: December 8, 2015**

## I.    Procedural History and Facts

This matter comes before the Superior Court on appeal from the denial of a Post Conviction Relief Act[1] ("PCRA") Petition filed by Anthony Wright (hereinafter referred to as "Petitioner") in which Petitioner sought an evidentiary hearing and a new trial based upon claims of after-discovered exculpatory evidence.

On July 22, 2007, the Petitioner and an accomplice, Kevin Bates, arranged to purchase crack cocaine from the decedent, Doreen Williams. Unbeknownst to the decedent, the Petitioner and Bates intended to rob her. That evening, the decedent was driven to North Philadelphia by Charles Smith, an acquaintance. Upon arriving at the agreed upon meeting place, Bates and Petitioner separately entered Smith's vehicle. Prior to exiting the car, the Petitioner shot the decedent at point-blank range. The decedent died several days later, due to complications from the gunshot wound. At Petitioner's trial, Smith identified the Petitioner as the shooter and testified about the robbery and shooting. Additionally, Bates also identified the Petitioner as the shooter, as part of a negotiated guilty plea agreement with the Commonwealth.

---

[1] 42 PA. CONS. STAT. §§ 9541-9546 (2015).

On September 23, 2009, the Petitioner was convicted of Murder of the First Degree[2], Conspiracy – Robbery – Inflict Serious Bodily Injury[3], Robbery – Threat of Serious Bodily Injury[4], Possession of an Instrument of a Crime[5] ("PIC"), and Recklessly Endangering Another Person[6] ("REAP") after a jury trial. On December 4, 2009, Petitioner was sentenced to life imprisonment for First Degree Murder. He was also sentenced to a concurrent sentence of ten to twenty years of incarceration for the conspiracy and robbery charges, a consecutive sentence of five years of probation for PIC and a sentence of two years of probation for REAP, to run concurrent with the PIC sentence.

On December 11, 2009, Petitioner appealed to the Superior Court of Pennsylvania. On February 16, 2012, the Superior Court affirmed Petitioner's judgment of sentence. On March 1, 2012, the Supreme Court of Pennsylvania denied Petitioner's Petition for Allowance of Appeal.

On February 11, 2013, Petitioner, *pro se*, timely filed the instant PCRA Petition as it was filed within one year of when his conviction became final. 42 Pa. Cons. Stat. § 9545(b) (2015). Petitioner filed a series of Amended PCRA Petitions on May 20, 2013, May 9, 2014, and January 12, 2015. On July 14, 2015, the Commonwealth filed a Motion to Dismiss Petitioner's Amended PCRA Petition. On July 20, 2015, after reviewing Petitioner's Amended PCRA Petition arguing for relief based on newly discovered evidence and the Commonwealth's Motion to Dismiss, the Court issued a Notice of Intent to Dismiss pursuant to Pa. R. Crim. P. 907, finding Petitioner's claims were without merit. On September 21, 2015, the Court formally dismissed Petitioner's Amended PCRA Petition.

---

[2] 18 PA. CONS. STAT. § 2502 (2015).
[3] 18 PA. CONS. STAT. § 903 (2015).
[4] 18 PA. CONS. STAT. § 3701(a)(1) (2015).
[5] 18 PA. CONS. STAT. § 907 (2015).
[6] 18 PA. CONS. STAT. § 2705 (2015).

2

On September 29, 2015, Petitioner timely filed the instant appeal to the Superior Court. On October 5, 2015, the Court ordered Petitioner to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b) (hereinafter referred to as "1925(b) Statement"). Petitioner timely complied and filed his 1925(b) Statement on October 13, 2015. The Petitioner submitted the following verbatim in his 1925(b) Statement:

(1) The trial court erred in denying the defendant a new trial based on exculpatory evidence that was not available at time of trial.

(2) The trial court erred in denying the defendant an evidentiary hearing on exculpatory evidence that was not available at time of trial.

(3) The exculpatory evidence would have changed the outcome of the trial if it would have been introduced at trial.

## II. Legal Analysis

Under 42 Pa. Cons. Stat. §§ 9541-9546, commonly known as the Post Conviction Relief Act, a petitioner is required to plead and prove by a preponderance of the evidence that he was convicted or sentenced as a result of one of the grounds enumerated in subsection (a)(2) to obtain post-conviction relief. Id. § 9543(a)(2). A Petitioner may be eligible for relief on the basis of exculpatory evidence, which was unavailable at the time of trial and "subsequently [became] available and would have changed the outcome of the trial if it had been introduced." Id. § 9543(a)(2)(vi). Additionally, Petitioner must prove any claimed errors were not previously litigated or waived and "the failure to litigate the issue prior to or during trial, . . . or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel." Id. § 9543(a)(4).

3

**A. The Court did not err when it denied Petitioner's request based on after-discovered evidence as the evidence did not warrant a new trial and would not have compelled a different verdict.**

To succeed on a claim of after-discovered evidence, Petitioner must establish (1) the evidence was discovered after trial and even with reasonable diligence could not have been obtained at or prior to trial; (2) the evidence is not cumulative; (3) the evidence's sole use is not to impeach credibility; and (4) the presentation of the evidence would likely compel a different verdict. Commonwealth v. Washington, 927 A.2d 586, 595-96 (Pa. 2007).

Petitioner argues the Court erred in its denial of a new trial because the after-discovered evidence warranted post-conviction relief. Petitioner claims he discovered after trial that (1) Bates, his accomplice, was coerced into a plea agreement to testify against Petitioner, (2) Bates was mistaken about the sentence he would receive under the plea agreement, and (3) Bates testified in a separate trial that he had the murder weapon during the shooting of the decedent, not the Petitioner. Trial Tr. 3, July 20, 2015; Pet'r's. Am. PCRA Pet. 2, Jan. 12, 2015. This Court properly denied Petitioner's request for a new trial as the alleged after-discovered evidence is not exculpatory and did not warrant a new trial.

First, Petitioner asserts Bates was coerced into and misunderstood the terms of the plea agreement and therefore, any testimony given as part of that agreement was tainted. Trial Tr. 4-5, July 20, 2015. In a separate jury trial, Commonwealth v. Antoine Johnson (CP-51-CR-0000826-2010), Bates testified that "the whole agreement was shook," and he was coerced by police and the Commonwealth's attorneys into entering it. Trial Tr. 46, 63, 65, 69, May 12, 2011. He additionally testified that his sentence of "20 to 40 years is life," and he did not want to send innocent parties to jail for his crimes. Trial Tr. 46, May 12, 2011.

4

In its consideration of granting a new trial, the Court is to consider "the integrity of the alleged after-discovered evidence, the motive of those offering the evidence, and the overall strength of the evidence supporting the conviction." Commonwealth v. Padillas, 997 A.2d 356, 365 (Pa. Super. Ct. 2010). When evaluating the integrity of the alleged after-discovered evidence, the Court is to view any post-verdict accomplice testimony "with a jaundiced eye." Washington, 927 A.2d at 597. This post-verdict accomplice testimony is considered particularly suspicious when the accomplice has already been convicted and sentenced. Id.

In the instant matter, the Court properly considered the testimony of Bates with particular suspicion as he was already serving what he believed to be a life sentence of twenty to forty years. Bates claimed he offered this testimony to prevent innocent parties from going to jail but his testimony did not expose him to any additional punishment for the crime, as he was already serving a sentence as part of a negotiated plea agreement. Additionally, Bates engaged in a lengthy colloquy with this Court prior to entering that agreement. Trial Tr. 3-19, Feb. 27, 2009. Bates testified "I am pleading guilty to third degree murder to a sentence of 20 to 40. As long as I cooperate and everything is truthful, I will get 20 to 40 years." Trial Tr. 5, Feb. 27, 2009. The Court inquired whether Bates was forced or compelled into entering the agreement, and Bates answered that he was not. Trial Tr. 9-10, Feb. 27, 2009. The Petitioner has failed to establish this subsequent testimony from Bates is persuasive or sufficiently compelling to overcome the testimony from eyewitness, Charles Smith, who identified the Petitioner and recalled details of the robbery and shooting at the Petitioner's trial. As such, this Court did not err in denying the Petitioner's request for a new trial based on this testimony.

Second, Petitioner asserts Bates testified in a separate trial that Bates had the gun during the robbery of the decedent and any testimony that the Petitioner shot the decedent was false.

5

Trial Tr. 3, July 20, 2015; Pet'r's. Am. PCRA Pet. 2, Jan. 12, 2015. The Court finds this characterization of Bates' testimony to be misleading and erroneous. Even if Petitioner accurately characterized the evidence, it would solely be used for impeachment purposes and thereby impermissible as after-discovered evidence. Padillas, 997 A.2d at 365.

In the Johnson trial, Bates testified "I had the gun the whole time" in response to a question about the murder weapon being in Bates' possession over a two-month time period including July 2007. Trial Tr. 160, May 12, 2011. However, Bates also testified "I didn't have that gun in my hand during that robbery [involving the Petitioner]. I had a shotgun." Trial Tr. 129, May 12, 2011. He answered affirmatively when asked if he gave the gun to Petitioner for the robbery, "Did I give [murder weapon] to [Petitioner]? Yeah." Trial Tr. 129, May 12, 2011. Bates also expressly testified that "the other guy" pulled the trigger and that he testified against "the other guy," referring to the Petitioner. Trial Tr. 128, May 12, 2011

This testimony does not establish that Bates lied during the Petitioner's trial about the Petitioner having the gun and shooting the decedent, as Petitioner contends. Rather, Bates affirmed his testimony from Petitioner's trial, that Petitioner did in fact have the murder weapon and shoot the victim. Even if this testimony may in some context seem to contradict Bates' earlier testimony, it would solely be used for impeachment purposes, which is impermissible to succeed on an after-discovered evidence claim. Washington, 927 A.2d at 595-96. In Petitioner's trial, there was testimony from eyewitness Charles Smith, identifying the Petitioner as the party who shot and killed the victim. Any third-party testimony exculpating the Petitioner would be considered impeachment evidence against the eyewitness. Padillas, 997 A.2d at 365. Any evidence used solely for impeachment purposes is not permissible as after-discovered evidence warranting post-conviction relief. Id. The Court did not err in denying Petitioner's request for a

6

new trial, as the after-discovered evidence was not exculpatory in nature, and any testimony would have been solely used for impeachment purposes. Id.

Consequently, Petitioner's third claim, that the presentation of this evidence would have changed the outcome of the trial, also fails as the alleged after-discovered evidence is not exculpatory in nature and would not have compelled a different verdict, as discussed above.

**B. This Court did not err when it denied Petitioner's request for a hearing on exculpatory evidence as there was no genuine issue of material fact, and the Petitioner was not entitled to post-conviction relief.**

Petitioner argues this Court erred in denying him an evidentiary hearing on after-discovered exculpatory evidence. Notwithstanding the Court's discussion of whether the evidence was indeed exculpatory, the Court did not err in denying the Petitioner's request for an evidentiary hearing on the matter.

The Court is not required to grant an evidentiary hearing for every issue raised in a PCRA petition. The Court must review the defendant's petition, any answers from the Commonwealth, and any other related matters of record before its determination. Pa. R. Crim. P. 907(1). In its review, the Court is to determine whether there are any genuine issues of material fact, whether the defendant is entitled to post-conviction relief, and whether further proceedings would serve any purpose. Id. If the Court's review does not reveal any issues of material fact or any purpose for further proceedings, it may dismiss the PCRA petition without a hearing. Id.

In the instant matter, this Court reviewed Petitioner's PCRA petition[7], filed on January 12, 2015, in which Petitioner argued after-discovered evidence warranted a new trial. The Court

---

[7] Petitioner filed three additional PCRA petitions on February 11, 2013, May 20, 2013, and May 9, 2014. Petitioner argued claims of ineffective assistance of counsel, prosecutorial misconduct, and other trial-related errors in those petitions, which the Court also dismissed. Inasmuch as those issues were not raised in the 1925(b) Statement in the instant matter, those issues are not addressed here and deemed waived. See Commonwealth v. Castillo, 888 A.2d 775, 780 (Pa. 2005).

7

also reviewed the Commonwealth's answer, its Motion to Dismiss, filed on July 14, 2015. Additionally, the Court reviewed the exhibits accompanying both the petition and the Commonwealth's response prior to ordering the Notice of Intent to Dismiss on July 20, 2015 and formally dismissing the PCRA Petition on September 21, 2015. The Court found that the "Petitioner fail[ed] to state a claim for post-conviction relief based on after-discovered evidence because the proffered newly discovered evidence is not exculpatory in nature." Order Entered by J. Tucker, July 21, 2015.

Petitioner did not raise any genuine issues of material fact as the Commonwealth acknowledged there was additional testimony about Petitioner's possession of the murder weapon and Bates' negotiated guilty plea agreement in a separate trial. Com. Mot. to Dismiss 5-8, July 14, 2015. As the Court discussed above, the Court found the evidence was not exculpatory in nature and defendant was thereby not entitled to post-conviction relief. Lastly, this Court found any further proceedings on the matter would not serve any exonerating purpose, as the Court reviewed the numerous petitions, answers and accompanying exhibits prior to its determination. Therefore, this Court did not err when it denied Petitioner's request for an evidentiary hearing on his claim of after-discovered exculpatory evidence.

## III.    Conclusion

For the above reasons, this Court did not err in denying Petitioner Wright's request for a new trial or dismissing Petitioner's PCRA Petition without an evidentiary hearing. The Court's ruling should stand.

BY THE COURT:

LEON W. TUCKER, J.

8

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## CRIMINAL TRIAL DIVISION

**COMMONWEALTH V. ANTHONY WRIGHT**                  CP-51-CR-0014984-2007

Opinion

## PROOF OF SERVICE

I hereby certify that I am this day serving the foregoing Court Order upon the person(s) and in the manner indicated below, in accordance with the requirements of PA. R.CRIM.P. 114:

*Defense Counsel/Party:*          John Cotter, Esquire
                                  2541 S Broad Street
                                  Philadelphia, PA 19148

*Type of Service:*               ( ) Personal   ( X ) First Class Mail ( ) Other, please specify

*District Attorney:*              Hugh J. Burns, Jr., Esquire
                                  District Attorney's Office
                                  Widener Building
                                  3 South Penn Sq.
                                  Philadelphia, PA  19107

*Type of Service:*               ( ) Personal   ( X ) First Class Mail ( ) Other, please specify

**Dated:** 12/8/15

Law Clerk's Signature